STATE, PLAINTIFF-APPELLEE, *v.* WILLIS, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Monroe County.

No. 385.    Decided November 13, 1963.

*T. J. Kremer, Jr.,* prosecuting attorney, for plaintiff-appellee.

*Mr. Allan Sherry,* for defendant-appellant.

FRANCE, J.    This appeal is from conviction of defendant by

the County Court Judge, Monroe County, sitting without intervention of jury, on a charge of furnishing intoxicating liquor to a minor.

Three errors are assigned: weight of evidence; error in permitting the state to reopen its case after the defense had interposed motion for directed verdict; and error in admitting illegally obtained evidence.

The claimed errors are sought to be exemplified by a full bill of exceptions, which includes all proceedings in the case, including arraignment. The Prosecuting Attorney was not present at arraignment.

The first full page of the bill of exceptions reads as follows:—

"Be it remembered, that on Saturday, May 11, 1963, at 11:00 a. m., this matter came on for hearing in the County Court of Monroe County, Ohio, before The Honorable John Gleason, Judge of said Court:

"The Court: Now, the Court calls Case Number 2260, Page Number 454, Docket Number 3, State of Ohio against Thomas P. Willis. Mr. Willis, you are charged (reading) 'that on or about the 17 day of March, 1963, at the County of Monroe, State of Ohio, one Thomas P. Willis did furnish intoxicating liquor to a person under the age of twenty-one, to-wit, Martin Junior Baker, in the County of Monroe, State of Ohio, this being contrary to Section Number 4301.69, Revised Code of the State of Ohio.' How do you plead?

"Mr. Sherry: Not Guilty, Your Honor.

"The Court: All right. We'll have some testimony. Mr. Jones.

"Whereupon, Lawrence W. Jones, Jr., having been called as a witness on behalf of the State of Ohio, and having been first duly sworn by the Court, was examined and testified as follows:

"Direct Examination of Lawrence W. Jones, Jr.

"By the Court.

"Q. Would you state to the Court the circumstances under which this particular arrest was made?

"A. The same as the previous incident on the previous case. * * *."

The remainder of the bill shows direct examination of three of state's witnesses by the court with cross-examination by defendant's counsel and redirect examination by the court.

So far as introduction of exhibits is concerned the following was the procedure:—

"Q. I'll hand you what is marked 'State's Exhibit 1' and ask you to tell the Court what that is?

"A. That is the six-pack which was in the front seat of the car.

"Mr. Sherry: Object to this, Your Honor, on the grounds previously stated—a search without a warrant.

"The Court: Overruled. I would like to have the privilege of having this witness step down and putting Mr. Piatt on the stand.

"Whereupon Howard Piatt, having been called as a witness on behalf of the State of Ohio, without being first duly sworn, took the witness stand:

"Direct examination of Howard Piatt.

"By the Court.

"Q. Would you state to the Court your name?

"A. Howard Piatt.

"Q. Where do you live?

"A. Woodsfield.

"The Court: Would you raise your right hand?

"Whereupon, the Court administered the oath to the witness and he was examined and testified as follows:

"Q. What is your occupation?

"A. Deputy Sheriff.

"Q. Deputy Sheriff? Now, I am going to hand you what we'll consider 'Plaintiff's Exhibit 2' and ask you to tell us what that is?

"A. Broken Duquesne bottle. Part of a six-pack. * * *."

We reproduce the foregoing, not for any purpose of indicating that the trial judge was in the slightest degree unfair in his conduct, for the record as a whole indicates an exceptional degree of fairness. It does, however, demonstrate that the trial judge placed an almost intolerable burden upon himself in attempting to marshal the state's case and, at the same time, sit in judgment between the state and the defendant.

All of this resulted as an inevitable consequence of the sequence of events at arraignment:—

"How do you plead?

"Not guilty, Your Honor.

"All right. We'll have some testimony. Mr. Jones."

Not only was the Prosecutor not present to prosecute as required by the express language of Section 2938.13, Revised Code:—

"In any case prosecuted for violation of a municipal ordinance the solicitor or law director, and for a statute, he or the prosecuting attorney, shall present the case for municipality and state respectively, but either may delegate such responsibility to some other attorney in a proper case, or, if the defendant be unrepresented by counsel may with leave of court, withdraw from the case. But the magistrate or judge shall not permit prosecution of any criminal case by private attorney employed or retained by a complaining witness."

It does not even appear that the prosecutor was informed of the pendency of the case.

Section 2937.08, Revised Code, provides:—

"Upon a plea of not guilty or a plea of once in jeopardy, if the charge be a misdemeanor in a court of record, the court shall proceed to set the matter for trial at a future time, pursuant to Chapter 2938, Revised Code, and shall let accused to bail pending such trial. Or he may, but only if both prosecutor and accused expressly consent, set the matter for trial forthwith. * * *."

The County Court is a court of record. Section 1907.012, Revised Code. The charge was a misdemeanor. Sections 4301.69, 4301.99 (L), Revised Code.

The provision that a criminal matter be set for trial at a date subsequent to arraignment unless both prosecutor and accused expressly consent is a mandatory requirement.

It might be argued that the defendant impliedly consented to immediate trial by failure to object. But his consent is required to be express, not implied. Since the prosecutor was not present not even an implied consent can be argued as to him.

The defendant does not assign error with regard to this

procedure, and if it were merely error we would hold that the defendant waived the error, but we do not regard this as merely error. It goes to the very jurisdiction of the court to try the defendant.

The word "shall" is not in all cases mandatory; not all mandatory requirements are jurisdictional. But the statute in question does more than say that the court shall set trial for a subsequent date, it goes on to say that the judge *may* set for trial forthwith, *but only* if both prosecutor and accused expressly consent thereto. This imposes specific conditions to the exercise of jurisdiction.

The legislative purpose in enacting both Sections 2937.08 and 2938.13, Revised Code, seems clear from the commentary made on them in the proceedings of the Ohio State Bar Association, the sponsor of Senate Bill 73 (1959), which enacted the many changes in Chapters 2937 and 2938, Revised Code. With respect to Section 2937.08, Revised Code, it reported:—

"This requires a setting for trial instead of the present 'inquire into the complaint,' which conjures up a kitchen table conference at the J. P.'s house. Where counsel is involved it is obviously unfair to both state and accused as well as to witnesses to force immediate trial, frequently by hearsay." Ohio Bar, Volume 31, Page 433.

The record in this case illustrates each and every one of the evils attempted to be eliminated by the passage of Section 2937.08, Revised Code, in 1959.

We, therefore, determine that compliance with Section 2937.08, Revised Code, was essential to the jurisdiction of the county court to try defendant in this case.

Having concluded that the court had no jurisdiction to try defendant on arraignment day, it becomes unnecessary to consider the errors assigned.

Judgment and sentence of the County Court is reversed and the cause remanded for further proceedings in accordance with law.

BROWN, P. J., JONES, J., concur.